Eastern District of Kentucky
**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

DEC 27 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 06-52-GWU

LONNIE BOWLING,                                                    PLAINTIFF,

VS:                          MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT,

INTRODUCTION

Lonnie Bowling originally brought Bowling v. Barnhart, London Civ. A. No. 02-85-GWU (E.D. Ky) to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. After a period of administrative reconsideration prompted by the Court's Memorandum Opinion, Order, and Judgment of February 19, 2003 (Tr. 350-358), it is again before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.      Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.      Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

1

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work?  If yes, the claimant is not disabled.  If no, proceed to step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply.  Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. <u>Id</u>.  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Id</u>.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d

2

654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.  1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. 404.1521, 416.921.  The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).  The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work.  Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a  prima facie case by proving that she or he is unable to return to this work.  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir.  1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.

3

Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an

4

occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

The guidelines make it clear that disabilities such as postural restrictions or the

lack of bilateral manual dexterity compromise a person's ability to do a full range

of this type of work; they also indicate that a finding of disabled is not precluded

when the person is not able to do a full range of sedentary work, even if that

person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2,

Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony

of a vocational expert in response to a hypothetical question, but only "if the

question accurately portrays (plaintiff's) individual physical and mental

impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777

(6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Bowling, a 41 year-

old former company laborer with a "limited" education, suffered from impairments

related to discogenic and degenerative disorders of the back.  (Tr. 334, 342).

While the plaintiff was found to be unable to return to his past relevant work, the

ALJ determined that he retained the residual functional capacity to perform a

restricted range of light level work.  (Tr. 342).  Since the available work was

found to constitute a significant number of jobs in the national economy, the

claimant could not be considered totally disabled. (Tr. 342). The ALJ based this

decision, in part, upon the testimony of a vocational expert. (Tr. 341).

After review of the evidence presented, the undersigned concludes that

the administrative decision is supported by substantial evidence.  Therefore, the

Court must grant the defendant's summary judgment and deny that of the

plaintiff.

The hypothetical question presented to Vocational Expert William Ellis included such non-exertional limitations as (1) an inability to more than occasionally climb, stoop, balance, kneel, crouch, or crawl; (2) a need to avoid exposure to unprotected heights as well as work around dangerous or moving machinery; (3) a need to avoid exposure to excessive noise; (4) a need to avoid exposure to excessive humidity; (5) a need to avoid exposure to environmental pollutants such as dust, chemicals, fumes, and noxious gases; (6) a need to avoid work requiring more than a "limited but satisfactory" ability to follow work rules, use judgment, function independently, maintain attention and concentration, or demonstrate reliability; and (7) a "seriously limited but not precluded" ability to relate to co-workers, to deal with the public, to interact with supervisors, and to deal with work stresses.  (Tr. 768-769).  In response, the witness identified a significant number of light level jobs which could be performed under the terms of the hypothetical factors.[1]  (Tr. 769).  Therefore, assuming that the hypothetical question fairly depicted Bowling's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error.  Bowling was found capable of performing a restricted range of light level work in an administrative decision which became final on July 23, 1999.  (Tr. 50-62).  Principles of <u>res judicata</u> require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application.  <u>Drummond v. Commissioner of Social Security</u>, 126 F.3d 837, 842 (6th Cir. 1997).

---

[1]The ALJ ultimately found that the plaintiff was restricted to light level work.

6

Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding..." The ALJ's findings of a restricted range of light level work is in accord with these directives.

This action was previously remanded to the Commissioner because the hypothetical question upon which the ALJ relied did not fairly characterize Bowling's physical condition. Dr. George Chaney, a treating source, identified more severe restrictions regarding driving and the operation of heavy machinery than were presented in the hypothetical question and the physician's opinion was not properly offset in the record by that of another medical source.[2] (Tr. 357). Upon remand, this problem has been cured. The hypothetical question presented to Ellis essentially included these factors. Furthermore, the record now contains the opinion of Dr. Mark Burns, an examining consultant, who opined that the plaintiff could perform the full range of medium level work. (Tr. 447). The physical factors of the hypothetical question were also consistent with the restrictions identified by Dr. John Rawlings (Tr. 650-658) and Dr. Humilidad Anzures (Tr. 659-667), the non-examining medical reviewers. These reports provide substantial evidence to support the administrative decision.

The evidence introduced from Dr. Chaney following the remand of the

---

[2]The Court also noted that Dr. Chaney had indicated that the claimant was unable to work and this factor was also cited as a reason for the remand. (Tr. 181). However, this opinion was issued in May of 1999 and the doctor did not again issue such an opinion. Thus, this opinion related to the time period before the July 23, 1999 date upon which the claimant has been found not to be disabled and, so, is not binding on the ALJ for the time frame after this date.

action to the Commissioner reveals that the physician reported Bowling to be limited from walking or sitting for more than 15 to 30 minutes and was restricted from lifting more than 10 pounds.  (Tr. 382, 384, 386, 388).  The ALJ rejected this opinion as binding because he did not believe that it was supported by objective medical data.  (Tr. 357).  The doctor indicated that motor testing of the lower extremities had been normal and that no severe or progressive neurological deficit had been found.  (Tr. 383-385).  An x-ray of the claimant's lumbar spine, obtained by Dr. Burns was normal.  (Tr. 440).  Dr. Burns reported that his physical and orthopedic examinations had been within normal limits.  (Tr. 444).  Therefore, the ALJ properly rejected Dr. Chaney's opinion as binding.

The mental factors of the hypothetical question also fairly characterized Bowling's condition.   The extensive mental factors of the question were essentially consistent with the opinion of Dr. Kevin Eggerman, an examining consultant.  (Tr. 161).  The question was also compatible with the opinions of Psychologists Ed Ross (Tr. 668-669) and Ann Demaree (Tr. 673-674), the non-examining medical reviewers.   Therefore, this portion of the administrative decision is supported by substantial evidence.

Bowling argues that the ALJ did not properly evaluate his subjective pain complaints.   Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Bowling was found to be suffering from a potentially

8

painful condition. However, even if he could be found to have satisfied the first prong of the so-called <u>Duncan</u> test, the claimant does not meet either of the alternative second prongs. As previously noted, even Dr. Chaney repeatedly noted no neurological deficits in the lower extremities while Dr. Burns' physical and orthopedic examination results were within normal limits. The claimant cites a March, 1993 MRI Scan in support of his argument but this was more than six years before the relevant time period and made during a time period in which he has been found by the administration to be "not disabled." Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Bowling's pain complaints.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the _27_ day of December, 2006.

G. WIX UNTHANK
SENIOR JUDGE